UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|    JAMES SUMPTER, JR. | ) | Case No. 07-11032-SSM |
| | ) | Chapter 7 |
|               Debtor | ) | |
| | ) | |
| LEANNA MILLER | ) | |
| | ) | |
|              Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 11-1168 |
| | ) | |
| JAMES SUMPTER, JR. | ) | |
| | ) | |
|              Defendant | ) | |

**MEMORANDUM OPINION**

Before the court is the plaintiff's motion for summary judgment determining that the defendant's obligation to pay certain joint debts that he was directed to pay by a final decree of divorce is excepted from discharge. A hearing was held on August 2, 2010. The plaintiff was present by counsel, and the defendant, who is representing himself, was present in person. The court ruled from the bench that the motion for summary judgment would be granted determining that any obligation under the decree to pay the debts in question had not been discharged, but reserving to the state court the determination of whether such an obligation actually exists. The purpose of this opinion is to explain more fully, for the guidance of the parties and any reviewing court, the reasons for the ruling.

1

Background

James Sumpter, Jr. (also known as James Donald Sumpter, Jr.), filed a voluntary petition in this court on April 27, 2007, for relief under chapter 7 of the Bankruptcy Code. He received a discharge of his dischargeable debts on August 8, 2007. In the interim the trustee had filed a report of no distribution, and the case was closed on August 13, 2007. On January 10, 2011, the debtor's former wife, LeAnna Miller, filed a motion to reopen the case in order to obtain a determination as to whether her claims against the debtor arising out of their divorce had been discharged. The case was reopened over the debtor's objection, and the present action was commenced seeking such a determination.

The debtor and Ms. Miller were divorced on January 7, 2005, by a judgment of dissolution of marriage entered by the Circuit Court of Barton County, Missouri, in an action in which Ms. Miller was the petitioner and the debtor was the respondent, Case No. 04cv6737555. Among other provisions, the judgment directed that Ms. Miller would be responsible for the debts listed on an attached Exhibit 6 and the debtor would be responsible for the debts listed on an attached Exhibit 7, with each being responsible to hold the other harmless from those debts. Although the copy of the judgment attached to the complaint does not actually have an Exhibit 7, Ms. Miller's attorney subsequently filed what was purported to be Exhibit 7 to the divorce decree, which counsel represented had been omitted by mistake from the copy attached to the complaint. The exhibit is captioned "Marital Debts to be Paid by Respondent (Husband)" and lists the following debts:

|  | Debt |
|---|---|
| Discover credit card | $8,464.26 |

       U.S.A.A. (Consolidation loan)                               $6,933.24

       U.S.A.A. MasterCard                                       $3,823.13

In his answer, the debtor denies that the divorce decree included Exhibit 7, and asserts that a garnishment to enforce the obligation was dismissed by the Missouri courts.

Discussion

A.

This court has subject-matter jurisdiction under 28 U.S.C. §§ 1334 and 157(a) and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. A determination of the dischargeability of a debt is a core proceeding in which a final judgment or order may be entered by a bankruptcy judge. 28 U.S.C. § 157(b)(2)(I). Venue is proper in this district under 28 U.S.C. § 1409(a). The defendant has been properly served and has appeared generally.

B.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Bankr.P. 7056; Fed.R.Civ.P. 56(a). In ruling on motion for summary judgment, a court should believe the evidence of the non-moving party, and all justifiable inferences must be drawn in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). At the same time, only disputes over facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment. *Id*. at 248, 106 S.Ct. at 2510. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are

designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

C.

Although a chapter 7 discharge cancels a debtor's personal liability on most kinds of prepetition debts, certain types of debts are excluded from discharge. § 523(a)(1)-(19), Bankruptcy Code. The discharge order itself does not specify which debts are discharged, merely that the debtor is granted a discharge.

As to certain categories of nondischargeable debts—those grounded in fraud, larceny, embezzlement, fiduciary defalcation, and willful and malicious injury—only the bankruptcy court can make a determination of dischargeability, and a complaint to determine whether the debt is excluded from discharge must be brought before the discharge is granted. § 523(c), Bankruptcy Code; Fed.R.Bankr.P. 4007(c). As to the other categories of nondischargeable debts, however, no action need be taken by the creditor during the bankruptcy case to preserve the nondischargeable character of the debt, and state courts have concurrent jurisdiction with the bankruptcy court to determine whether the debt has been discharged.

Among the debts which are not discharged in chapter 7 are debts—

> (5) for a domestic support obligation; [or]
>
> * * *
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

§ 523(a)(5), (15), Bankruptcy Code. A "domestic support obligation," in turn, is defined as:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under

4

>     applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>         (A) owed to or recoverable by—
>             (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>             (ii) a governmental unit;
>         (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>         (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>             (i) a separation agreement, divorce decree, or property settlement agreement;
>             (ii) an order of a court of record; or
>             (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>         (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

§ 101(14A), Bankruptcy Code.

Whether an obligation to indemnify a former spouse against a debt is "in the nature of alimony, maintenance, or support . . . without regard to whether such debt is expressly so designated," requires the court to determine the intent of the parties, if the obligation arises from a separation agreement or property settlement agreement, or the intent of the issuing court, if the obligation is one that is determined and imposed by judicial decree. *Melichar v. Ost (In re Melichar)*, 661 F.2d 300, 303 (4th Cir. 1981) ("The proper test of whether the payments are alimony lies in proof of whether it was the intention of the parties that the payments be for support rather than as a property settlement.") (decided under Bankruptcy Act of 1898); *Long v. West (In re Long)*, 794 F.2d 928, 931 (4th Cir. 1986) (intent of divorce court governs where obligation arises from that court's decree). The burden of showing that a particular obligation is

in the nature of alimony, maintenance, or support is on Ms. Miller, as the party opposing discharge of the debt. *Long*, 794 F.2d at 930.

It is unquestionably true that an agreement to hold a spouse harmless on specific debts *may* qualify as being in the nature of support. *King v. Speaks (In re Speaks)*, 193 B.R. 436, 442 (Bankr. E.D. Va. 1995). This is true, however, only if the context fairly suggests that the obligation was assumed or imposed because the party entitled to the indemnity could not afford to pay the debt, while the obligated party could. Here, looking at the context in which the obligation is imposed, *each* party is obligated to hold the other harmless from specified debts. There are no findings that either party would be unable to pay the debts assigned to the other, and the only conclusion the court can draw is that the assignment of certain debts to the debtor and certain to Ms. Miller was simply part and parcel of the overall division of property. Because the court does not find that the debtor's obligation to indemnify Ms. Miller was intended to be in the nature of support, the obligation is not excepted from discharge under § 523(a)(5), Bankruptcy Code.

But even if it is not in the nature of support, whatever obligation the debtor has to indemnify Ms. Miller from the three debts in question is clearly excluded from discharge under § 523(a)(15), Bankruptcy Code, since it is a debt to a former spouse "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record." That of course squarely raises the question of whether the decree actually lists the three debts at issue. Although Ms. Miller's counsel represents that he has a certified copy of the divorce decree that includes Exhibit 7, the debtor represents that the copy he received at the time the divorce was granted did not include Exhibit 7 (or Exhibit 6 for

6

that matter).  However, the court need not resolve that issue, since this court is not the forum for *enforcing* the obligation but only for determining whether it is *dischargeable*.  Here, the obligation, to the extent it exists, is plainly nondischargeable.  Whether, aside from dischargeability, it can be *enforced*, is properly an issue for the state court (which is certainly the best judge of its own records and decrees, and also the appropriate forum for correcting any clerical errors in the divorce decree).

Because the factual dispute raised by the debtor goes to the enforceability of the obligation rather than its dischargeability, and because this court is being asked only to determine dischargeability, the dispute as to whether Exhibit 7 was attached to the original divorce decree is not "material" for the purpose of granting or denying summary judgment.  For that reason, the motion for summary judgment will be granted determining that any obligation on the part of the debtor to hold Ms. Miller harmless from the debts assigned to him by the divorce decree is nondischargeble under § 523(a)(15), Bankruptcy Code, and has not been discharged.  A separate judgment will be entered consistent with this opinion.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge

Copies to:

Richard J. Stahl, Esquire
Stahl Zelloe, P.C.
11350 Random Hills, Road, Suite 700
Fairfax, VA 22030
Counsel for the plaintiff

James Sumpter, Jr.
623 Century Drive
Troy, MI 48083
Defendant *pro se*